UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DON BRADFORD               ]
    Petitioner,            ]
                           ]
v.                         ]     No. 3:12-0511
                           ]     Judge Trauger
UNITED STATES OF AMERICA   ]
    Respondent.            ]

**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the United States Penitentiary in Pine Knot, Kentucky. He brings this action pursuant to 28 U.S.C. § 2255 against the United States, asking the Court to vacate, set aside or correct his sentence.

On August 30, 2011, the petitioner, pursuant to a plea agreement, pled guilty to conspiring to possess with intent to distribute more than one hundred (100) kilograms of marijuana. United States v. Don Montrail Bradford, Criminal No.3:10-00091 (M.D. Tenn.); Docket Entry No.126. For this crime, he received a sentence of sixty (60) months in prison, to be followed by five years of supervised release. *Id.* at Docket Entry No.134. Having pled guilty, the petitioner did not seek a direct appeal of the conviction.

On May 21, 2012, the petitioner filed the instant § 2255

1

motion (Docket Entry No.1). In the motion, the petitioner asserts that his conviction should not stand. More specifically, he alleges (1) that he was denied the effective assistance of counsel[1] and (2) that the Drug Enforcement Administration "was out of their jurisdiction to get involved in a routine traffic stop."

Upon its receipt, the Court reviewed the motion and determined that it stated a colorable claim for relief. Accordingly, by an order entered May 23, 2012 (Docket Entry No.2), the United States Attorney for this judicial district was directed to file an answer, plead or otherwise respond to the motion. Rule 4(b), Rules --- § 2255 Cases.

Presently pending before the Court is the government's Response, to which the petitioner has offered no reply. Having carefully considered the pleadings and the record, it does not appear that an evidentiary hearing is needed in this matter. *see* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Consequently, the Court shall dispose of the § 2255 motion as the law and justice require. Rule 8(a), Rules --- § 2255 Cases.

Upon entering a valid guilty plea, a criminal defendant waives all non-jurisdictional antecedent defects in the proceedings. *See*

---

[1] The petitioner was represented by Caryll Alpert, a Federal Public Defender for this judicial district, and Dumaka Shabazz, a member of the Davidson County Bar.

United States v. Lanier, 201 F.3d 842, 846-847 (6th Cir. 2000). A criminal defendant may further agree, via the terms of a plea agreement, to waive any right, even a constitutional right, United States v. Ashe, 47 F.3d 770, 775-776 (6th Cir. 1995), including the right to appeal a conviction or sentence, United States v. Fleming, 239 F.3d 761, 763-764 (6th Cir. 2001), and the right to seek collateral post-conviction relief. Watson v. United States, 165 F.3d 486, 488-489 (6th Cir. 1999). As long as the criminal defendant has knowingly, intelligently and voluntarily waived his rights, the terms of a plea agreement will be enforced. *Id.* at pg. 489.

As a condition for his guilty plea, the petitioner agreed to waive the right to a direct appeal or collateral (§ 2255) attack of the conviction and sentence imposed upon him, except for any claims of involuntariness, ineffective assistance of counsel, or prosecutorial misconduct. Criminal No.3:10-00091; Docket Entry No.126 at pg.15. Therefore, to the extent that the petitioner is attempting to relitigate the traffic stop that led to his arrest and subsequent seizure of incriminating evidence (Claim No.2), he has waived his right to do so. Petitioner's waiver of this right appears from the record to have been a knowing, intelligent and voluntary decision. Consequently, this claim is not properly before the Court.

The petitioner also alleges that counsel was ineffective for failing to contest the search of his wallet, vehicle and person

3

(Claim No.1). He did not waive his right to raise this claim in the instant action.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 379 U.S. 759,771 (1970). An ineffective assistance claim will only succeed, however, if the petitioner can show that his attorneys' performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984). Within the context of a guilty plea, prejudice arises when, but for counsels' error, the petitioner would not have pled guilty and would have insisted on proceeding to trial. Hill v. Lockhart, 474 U.S. 52,59 (1985). When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

Counsel filed a motion to suppress all evidence seized from the petitioner and his vehicle. Criminal No.3:10-00091; Docket Entry No.30. The Court conducted a hearing to determine whether the seizure of this evidence was legal. *Id.* at Docket Entry No.64. Based upon the evidence presented at the suppression hearing, the Court found that the petitioner was the subject of a valid traffic stop, that the search of his vehicle was reasonable under the circumstances, and that the petitioner's arrest was proper. As a

4

consequence, all evidence taken from the petitioner, his wallet and the vehicle were not subject to suppression. *Id*. at Docket Entry No.65. Thus, contrary to petitioner's claim, counsel did contest the evidence obtained during the search and seizure of the petitioner. No deficiency in performance, therefore, is indicated. Moreover, the petitioner has offered nothing whatsoever to suggest that he would have changed his plea but for counsels' error. Accordingly, the Court finds no merit in the petitioner's ineffective assistance claim.

Having considered the § 2255 motion and the record, the petitioner has shown no valid reason for the Court to vacate, set aside or correct his sentence. His motion, therefore, lacks merit and will be denied.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge

5